# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| WILLIAM R. CHOINIERE, | * | |
| | * | No. 16-1286V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: January 11, 2019 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' fees and costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

Kate G. Westad, Larkin Hoffman, et al., Ltd., for Petitioner;
Debra A. Filteau Begley, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

William Choiniere prevailed in his claim brought in the National Childhood Vaccine Compensation Program. He is now seeking an award for attorneys' fees and costs. He is awarded $22,427.10.

\*   \*   \*

On September 15, 2017, Mr. Choiniere filed for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10–34, for injuries sustained from an influenza vaccination administered on October 22, 2013. The parties submitted a joint stipulation that was incorporated by a decision

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (https://www.uscfc.uscourts.gov/aggregator/sources/7). The decision will be available to anyone with access to the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

awarding petitioner compensation in the amount of $148,000.00.  Decision, 2017 WL 4510739 (Sept. 15, 2017).

Following the entry of judgment, petitioner filed an amended motion[2] for an award of attorneys' fees and costs.  Pet'r's Am. Mot., filed Apr. 13, 2018.  Petitioner's counsel, Kate Westad, worked at two law firms during the pendency of this case, Lommen Abdo P.A. and Larkin Hoffman.  The motion seeks a total of $26,277.10, comprised of $6,705.00 in attorneys' fees and $4,941.74 in attorneys' costs for Lommen with $14,206.50 00 in attorneys' fees and $423.86 in attorneys' costs for Larkin.  Id. at 1-2.  In compliance with General Order No. 9, petitioner stated that he did not incur any costs personally.  Gen. Order No. 9 Stat., filed Jan. 10, 2019.

Respondent then filed a response to petitioner's motion.  Resp't's Resp., filed May 1, 2018.  Respondent stated that he is "satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case."  Id at 2.  Respondent did not specifically object to the amounts requested by petitioner and "recommends that the Special Master exercise his discretion."  Id at 3.

Petitioner did not file a reply to respondent's response.  This matter is now ripe for adjudication.

\*   \*   \*

Because Mr. Choiniere received compensation, he is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  An evaluation of the reasonableness of the requested attorneys' fees and costs follows.

### I.   Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial

---

[2] Earlier on the same day, petitioner had filed his original motion for attorneys' fees and costs.  Petitioner stated that the original motion was missing certain time entries to document the requested fees.  The amended motion contains corrected documentation.

calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

   A. Reasonable Hourly Rate

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Because the respondent did not object to any of the proposed hourly rates as unreasonable, the undersigned proceeds to evaluate the hourly rates. McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

For the Lommen firm, petitioner requests compensation for attorney Kate Westad and various law clerks.[3] For Ms. Westad, petitioner requests the rate of $275/hour for work done in 2014 and 2015. For the law clerks, petitioner requests the rate of $125/hour for work done in 2014 and 2015.

A thorough analysis of Ms. Westad's rates at the Lommen firm was conducted in Dahl v. Sec'y of Health & Human Servs., No. 13-98V, 2018 WL 6818741, at *2-4 (Fed. Cl. Spec. Mstr. Nov. 30, 2018). The rate determined in Dahl for Ms. Westad's work at the Lommen firm in 2014/2015, $250/hour, remains reasonable. The law clerk rate determined in Dahl for 2014/15, $125/hour, also remains reasonable.

For the Larkin firm, petitioner requests compensation for attorney Kate Westad, a technical litigation assistant, and a paralegal. For Ms. Westad, petitioner requests the rate of $350/hour for work done from 2016-2018. During the same

---

[3] Based on the hourly rates, the undersigned presumes that the individuals with time entries other than Ms. Westad, solely identified by their initials (CLH, TL, TLH), are law clerks or a similar position.

3

time period, petitioner requested $160/hour for the technical litigation assistant and $125/hour for the paralegal.

A thorough analysis of Ms. Westad's rates at the Larkin firm was conducted in Dahl, 2018 WL 6818741, at *4-6.  The rate determined in Dahl for Ms. Westad's work at the Lommen firm in 2014/2015, $325/hour, remains reasonable.  The paralegal rate determined in Dahl, $125/hour, also remains reasonable.  While the rate for a technical litigation assistant was not addressed in Dahl, given the de minimus number of hours requested for this individual (0.4 hours), the undersigned finds the amount requested to be reasonable.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  McIntosh, 139 Fed. Cl. 238.

Ms. Westad has provided sufficiently detailed descriptions of her time entries and her staff's entries to evaluate their reasonableness.  For the Lommen time entries, the undersigned finds the hours to be reasonable and awards them in full.

For the Larkin times entries, some of hours entered by Ms. Westad and her staff were for clerical tasks that are not compensable or were excessively billed, such as review of routine court filings (notices of assignment and appearance), electronic filing, and, somewhat curiously, downloading and printing filings from CM/ECF that petitioner himself had filed.  Due to this billing for clerical tasks and excessive billing, a fees reduction of $800 is appropriate.

## II.    Costs

Petitioner requests a total of $5,365.60 in attorney's costs, $4,941.74 for Lommen and $423.86 for Larkin.  The costs include expenses for the filing fee, medical records, mailings, and expert witness.  Respondent has not objected to the amounts requested for attorneys' costs.  The costs for routine items for both firms, such as the filing fee, medical records, and postage, are adequately documented and are awarded in full.

The majority of the attorneys' costs for Lommen are for an expert review fee by Praful Kelkar, MD ($4,000.00). Dr. Kelkar's invoice did not describe any of the tasks that he performed but merely stated that he worked for five hours at a rate of $800/hour. Pet'r's Am. Mot., exhibit B, at pdf 14. Petitioner has not provided any biographical information regarding Dr. Kelkar, let alone his specialty, to support his requested rate. A quick internet search[4] reveals that Dr. Kelkar specializes in treating neuromuscular diseases and multiple sclerosis at the Minneapolis Clinic of Neurology. To bring his hourly rate in line with most other experts in the Vaccine Program, Dr. Kelkar's hourly rate was previously reduced to $400/hour. Miron v. Sec'y of Health & Human Servs., No. 16-762V, 2017 WL 5386607, at *2 (Fed. Cl. Spec. Mstr. Oct. 30, 2017). For this case, the undersigned finds a rate of $400/hour for Dr. Kelkar to be reasonable. Therefore, a reasonable cost for Dr. Kelkar is $2,000.

### III. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The undersigned GRANTS the petitioner's motion and finds $22,427.10 ($19,061.50 in fees and $3,365.60 in costs) to be a reasonable amount for all attorneys' fees and costs incurred. This shall be paid as follows:

**A lump sum of $9,454.24 in the form of a check made payable to petitioner and Lommen, Abdo, P.A. for a portion of attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e); and**

**A lump sum of $12,972.86 in the form of a check made payable to petitioner and Larkin Hoffman for a portion of attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[4] https://minneapolisclinic.com/physicians-providers/praful-kelkar-m-d/.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.